IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MONICA BURNS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. H-05-2157 |
| v. | § | |
| | § | |
| AIR LIQUIDE AMERICA, L.P. | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM AND ORDER

Pending is Defendant Air Liquide America, L.P.'s Motion to Dismiss or, Alternatively, to Compel Arbitration and to Stay Action Pending Arbitration (Document No. 6) and Plaintiff Monica Burns's Motion to Strike Defendant's Evidence (Document No. 7).[1] After carefully considering the motions, responses, reply, and the applicable law, the Court concludes as follows:

I. Background

Plaintiff Monica Burns ("Plaintiff") was an at-will employee of Defendant Air Liquide America, L.P. ("Defendant") for approximately twenty years, except for a three and one-half year

---

[1] After careful consideration, Plaintiff's Motion to Strike Defendant's Evidence (Document No. 7) is GRANTED in PART. The motion is granted with respect to Exhibit F of Defendant's Motion to Dismiss or, Alternatively, to Compel Arbitration and to Stay Action Pending Arbitration (Document No. 6), which is not authenticated. Exhibit F is STRICKEN. The Motion to Strike is DENIED in all other respects.

1

interruption in the late 1980s after the birth of her daughter. In January, 2004, Plaintiff filed with the EEOC her initial charge of discrimination, which she amended a month later, and then Defendant terminated her in May, 2004. In this case Plaintiff alleges unlawful retaliation, discrimination on the basis of age and disability, and violation of the Equal Pay Act. Defendant contends that the dispute is subject to arbitration under the Company's Alternative Dispute Resolution policy ("ADR policy").

Defendant offers as an exhibit an ADR policy dated April 1, 2003, *see* Document No. 6 ex. D, which it claims governs this dispute. It is uncontroverted that Plaintiff was hired as an at-will employee, evidently long before the Company adopted an ADR policy. Defendant contends, however, that Plaintiff was given notice and accepted the terms of its ADR policy on at least two occasions: (1) in March, 2004, when Plaintiff electronically acknowledged her receipt and agreement to Defendant's Code of Conduct, *see* Document No. 6 ex. A; and (2) in April, 2004, when Plaintiff continued to work after receiving an individualized letter notifying her of the existence of an ADR policy "by which you are bound to for resolving issues with this company," *see* id. ex. C. Less than one month after Plaintiff received the letter, she was terminated by Defendant. Defendant now moves to dismiss or, alternatively, to compel arbitration and stay the action pending arbitration, on grounds that a valid arbitration agreement exists between Plaintiff and Defendant. Plaintiff contends that no

2

valid arbitration agreement applies to the terms of her employment, and, regardless, the purported agreement does not cover Plaintiff's claims against Defendant because her claims accrued before she received notice of Defendant having implemented an ADR policy.

## II.  Discussion

Under the Federal Arbitration Act ("FAA"), "[a] two-step inquiry governs whether parties should be compelled to arbitrate a dispute.  'First, the court must determine whether the parties agreed to arbitrate the dispute.  Once the court finds that the parties agreed to arbitrate, it must consider whether any federal statute or policy renders the claims non-arbitrable.'"  Banc One Acceptance Corp. v. Hill, 367 F.3d 426, 429 (5th Cir. 2004) (quoting R.M. Perez & Assoc., Inc. v. Welch, 960 F.2d 534, 538 (5th Cir. 1992)).  Thus, the Court must first determine according to state law (1) whether the parties have a valid agreement to arbitrate; and (2) whether the dispute falls within the scope of that arbitration agreement.  *See* id.  Although a strong federal policy favors arbitration, the policy does not apply to the initial question of whether there is a valid agreement to arbitrate.  *See* id.  Once a court determines that an arbitration agreement exists, however, the court "must pay careful attention to the strong federal policy favoring arbitration and must resolve all ambiguities in favor of arbitration."  Id.

Where, as here, an employer asserts that an at-will employment relationship has been modified to include new employment terms, the employer must prove two things: (1) notice of the change, and (2) acceptance of the change by the employee. *See* In re Halliburton Co., 80 S.W.3d 566, 568 (Tex. 2002). "[T]o prove notice, an employer asserting a modification must prove that he unequivocally notified the employee of definite changes in employment terms." Id. (quoting Hathaway v. General Mills, Inc., 711 S.W.2d 227, 229 (Tex. 1986)). Furthermore, "[t]o have knowledge of a modification, the employee must know the nature of the changes and the certainty of their imposition." Hathaway, 711 S.W.2d at 229. Finally, "when an employer notifies an employee of changes to the at-will employment contract and the employee 'continues working with knowledge of the changes, he has accepted the changes as a matter of law.'" In re Halliburton, 80 S.W.3d at 568 (quoting Hathaway, 711 S.W.2d at 229)).

Defendant first claims that Plaintiff received unequivocal notice of Defendant's ADR policy in March, 2004, when Plaintiff electronically acknowledged her receipt and agreement to Defendant's Code of Conduct, *see* Document No. 6 ex. A. Defendant's Code of Conduct contains a general policy statement about conducting business with honesty and integrity, and then, in three and a half pages, describes approximately fifteen procedures with which employees should comply, such as safeguarding confidential information, accounting for corporate assets, and meeting

4

regulatory standards.  *See* id. ex. B.  Absent from the Code of Conduct, however, is any mention of a new ADR policy or a requirement that an employee accept the terms of the ADR policy as a condition of continued employment.  As such, the Code of Conduct is insufficient to notify Plaintiff unequivocally of changes to her employment terms.

Defendant also relies on an a letter dated April 13, 2004, which notifies Plaintiff of the existence of an ADR policy "by which you are bound to for resolving issues with this company." *See* Document No. 6 ex. C.  Defendant purported to attach a copy of the ADR policy to the letter, but Plaintiff denies that the policy was attached.  *See* Document No. 7 ex. 1 ¶ 15.  Nonetheless, Plaintiff acknowledged receipt of the letter without complaining at the time that the ADR policy was not attached.  The question then arises whether this letter was sufficient unequivocally to notify Plaintiff that as of April 13, 2004, the Company was proposing definite changes to her employment terms, and, if so, when such changes were to become effective.  In In re Halliburton, 80 S.W.3d 566 (Tex. 2002), the Texas Supreme Court found that the defendant employer had unequivocally notified the plaintiff employee of changes to his employment terms when the employer sent a notice that "explained the Program, stated its effective date, and explained that by working after that date an employee would indicate that he or she accepted the provision," id. at 568. However, none of these circumstances are present here.  There is no

evidence that Defendant gave Plaintiff notice of changes to her employment terms as of April 1, 2003, which is the nominal effective date of the written ADR policy exhibited in Defendant's submissions, or as of some later effective date, and advised her that she would be accepting the proposed changes if she continued to work for Defendant after the effective date.  Instead, Defendant's first notice to Plaintiff of an ADR policy that would arguably affect the terms of her employment did not come until three months after she filed her first EEOC claim, two months after she filed her first amended EEOC claim, and 24 days before Defendant discharged her.  The letter declared that she was "bound" by the ADR policy but gave no effective date when she would become bound by the policy, and thereby change the terms of her at-will employment as a result of her continuing to work for Defendant after that date.[2]  On this record, the Court cannot find that Defendant unequivocally notified Plaintiff that the terms of her at-will employment were going to be changed as of a date certain or that she would be deemed to agree to Defendant's ADR policy by continuing to work for Defendant after that date.  Accordingly, Defendant's Motion to Dismiss or, Alternatively, to Compel Arbitration and to Stay Action Pending Arbitration will be denied.

---

[2] Defendant's April 13, 2004 notice to Plaintiff of its ADR policy must be viewed with all the more circumspection because the notice letter was delivered after Plaintiff had filed two EEOC charges against Defendant and only three and one-half weeks before Defendant fired her.

### III.  Order

Based on the foregoing, it is

ORDERED that Defendant's Motion to Dismiss or, Alternatively, to Compel Arbitration and to Stay Action Pending Arbitration (Document No. 6) is DENIED.

The Clerk shall notify all parties and provide them with a true copy of this Order.

SIGNED at Houston, Texas, on this 8th day of February, 2006.

*Ewing Werlein, Jr.*
Ewing Werlein, Jr.
United States District Judge

7